Filed 12/9/13  P. v. Wayman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C073962 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1348) |
| v. | |
| JULIANNA WAYMAN, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On December 29, 2012, Yolo County Sheriff's Deputy Ryan Mez pulled over a vehicle driven by Geoffrey Bean.  Defendant Julianna Wayman was a passenger in the vehicle.  Deputy Mez smelled marijuana emanating from the vehicle and, accordingly, detained Bean and defendant.  Deputy Mez searched the vehicle and found a loaded .22-caliber semiautomatic Beretta and a loaded .357 Magnum Smith & Wesson revolver (with the serial number scratched off) under the driver's seat, and a green tactical vest in the backseat.

Inside the vehicle, Deputy Mez also found a shoe box containing two packages of heroin, one weighing 11.55 grams and the other 19.47 grams.  The box also contained a

1

camera case, inside of which Deputy Mez found 13.65 grams of cocaine condensed into a ball. The camera case also held individual baggies and a 50-round box of .40-caliber ammunition. Two packages of methamphetamine also were found in the vehicle; one package weighed 447.14 grams and the other 449.2 grams.

Inside another box in the vehicle, Deputy Mez found a .22-caliber magazine loaded with six rounds, an assortment of other ammunition, and a firework. A scale was found in the backseat, and a black purse was found on the front seat passenger floorboard. Inside the purse, Deputy Mez found a daily planner with defendant's name on it. Inside the trunk of the vehicle, Deputy Mez found several bags of marijuana, each weighing as follows: 186.18 grams, 440.41 grams, 162.01 grams, and 407.88 grams.

During the search, defendant and Bean were detained inside Deputy Mez's patrol vehicle. While there, Bean repeatedly asked defendant to say the guns were hers; he would claim the drugs were his. Bean said he would go to prison for life if he was convicted on gun charges. Defendant told Bean she too was a felon and was in serious trouble if convicted.

Defendant and Bean were arrested and charged in a single information. Defendant was charged with the following: (1) transporting methamphetamine, a controlled substance (Health & Saf. Code, § 11379, subd. (a)); (2) possession of methamphetamine for sale (Health & Saf. Code, § 11378); (3) possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a)); (4) transportation of heroin, a controlled substance (Health & Saf. Code, § 11352, subd. (a)); (5) possession of heroin for sale (Health & Saf. Code, § 11351); (6) possession of heroin while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a)); (7) transportation of cocaine, a controlled substance (Health & Saf. Code, § 11352, subd. (a)); (8) possession of cocaine for sale (Health & Saf. Code, § 11351); (9) possession of cocaine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a)); (10) transportation of marijuana (Health & Saf. Code,

2

§ 11360, subd. (a)); (11) possession of marijuana for sale (Health & Saf. Code, §11359); (12) possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1)); and (13) possession of ammunition by a convicted felon (Pen. Code, § 30305, subd. (a)). The People further included numerous sentencing enhancement allegations.

Defendant pleaded no contest to transporting heroin. In exchange for her plea, the remaining charges were dismissed and the allegations stricken. In addition, defendant and the People agreed defendant would serve her time in county jail, and her sentence would be no more than four years and no fewer than three. The trial court later sentenced defendant to four years in county jail, rejecting her request for a "split sentence." The trial court also ordered defendant to pay numerous fines and fees, and awarded her 260 days of custody credit (130 actual and 130 conduct).

Defendant appeals without a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

          RAYE         , P. J.

We concur:

      MAURO      , J.

      DUARTE    , J.